John Brooks and others v. Joseph Lawrence and others.

## NEW YORK CIRCUIT.

### DECEMBER, 1847.

### Before EDMONDS, Justice.

JOHN BROOKS, JR., CORNELIUS VANDERBILT AND JOSEPH COOK

v.

JOSEPH LAWRENCE, DANIEL TRIMBLE AND STEPHEN WARD.

Common carriers who by negligent delivery of goods have been rendered liable for their value, have no cause of action founded on that negligence, against those by whose means the goods have been lost.

THIS was an action of trover tried at the New York Circuit, December 3, 1847.

The present plaintiffs were the defendants in a preceding case, and having paid the recovery there had against them, brought this suit to recover from the now defendants the value of the goods mentioned in that suit. Lawrence & Trimble were commission merchants in the city of New York, and the defendant Ward was a licensed cartman who carted for their house.

Ward had not received any instructions from L. & T. in regard to these goods, and the first that L. & T. knew of the transaction was that five days after the goods had left New York for Baltimore by sea, the owner of the schooner gave them bills of lading for the goods, which they forwarded to Tiffany, Ward & Co.

*D. Lord and C. O'Conor*, for defendants, moved for a nonsuit:—

1. Because plaintiffs had not such property in the goods as to enable them to maintain trover. (*Greenway* v. *Fisher*, 1 Car. & P. 190.)

2. As to the defendant Ward, the goods were delivered to him to cart, without particular instructions. He did cart

them. He did not convert them and he is not liable in trover, even if he was chargeable with negligence.

3. As to all the defendants, the plaintiffs having been made liable solely by reason of their negligence, that negligence is a bar to their recovery in this action.

*S. Sherwood*, for plaintiffs. The plaintiffs performed their duty in delivering the goods to Ward, and as he was engaged generally in that business for L. & T., he and they together received the goods from plaintiffs, with particular directions on the goods to send by railroad, and having sent by sea, whereby they were lost, defendants are jointly liable.

*Edmonds, J.:* As to the defendant Ward, he received the goods under his general practice to receive from plaintiffs goods directed to Lawrence & Trimble and to Tiffany, Ward & Co., and forwarded them by sea. There was no actual conversion by him, and the action is founded solely upon his negligence in sending the goods by sea when they ought to have gone by land. If this was negligence in him, it was equally negligence in the plaintiffs, and they cannot found an action on their own negligence.

Besides, Ward was in a public employment, merely the conduit through whom the goods passed, and answerable only for sending them forward in good faith. There is no evidence of want of good faith in him, but it seems that he delivered the goods where he had been accustomed to deliver under similar circumstances. There is then no ground for imputing a conversion to him.

As to the other defendants, they were merely forwarders. Were they such for these plaintiffs? There was no intercourse between them and the plaintiffs, except through the acts of Ward, who, though he might be their agent to receive goods which they had a right to possess, cannot be regarded as their agent to commit a tort, unless some particular instruction was shown.

Besides it was no performance of the plaintiffs' contract

with the owners of the goods to deliver them to L. & T., or their cartman. It was negligence in them to do so. Their whole claim against the defendant is founded on that negligence, and to allow them to recover would be to transfer the consequences of that negligence from themselves to the defendants.

The plaintiffs must be nonsuited.